George and Carolyn **LARRABEE**

v.

Eugene **MOORS.**

Supreme Judicial Court of Maine.

Argued May 11, 1989.
Decided July 7, 1989.

William J. Kelleher (orally), Augusta, for plaintiff.

Brian Winchester (orally), Sanborn, Moreshead, Schade & Gifford, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, CLIFFORD, HORNBY and COLLINS, JJ.

PER CURIAM.

The plaintiffs George and Carolyn Larrabee brought this action under Maine's Unfair Trade Practices Act (UTPA), 5 M.R. S.A. §§ 205–A to 214 (1989), seeking restitution and rescission of a real estate contract by which they had purchased property from the defendant Eugene Mooers.

Following a trial the District Court (Augusta, *Studstrup, J.*) found that Mooers had engaged in an unfair or deceptive act under the UTPA and ordered rescission of the transaction, with other ancillary relief. On appeal the Superior Court (Kennebec County, *Brody, C.J.*) vacated the District Court's judgment and remanded the case to the District Court, holding that the UTPA does not apply to transactions between consumers. We agree that the District Court's judgment should be vacated, but on different grounds.

The District Court's judgment directed that the real estate transaction be unwound. The sale was ordered rescinded, and the defendant was ordered to pay the plaintiffs $9,900 representing return of their $9,500 purchase price plus $400 the plaintiffs had spent in clearing the property. The District Court also ordered the defendant to pay the plaintiffs interest and $6,000 in attorney fees.

Following the District Court's judgment, however, the plaintiffs elected to proceed along a different route. Specifically they sold the property to a third party for $17,-000, thus receiving back the $9,500 they had paid plus a profit of $7,500. This put in their pockets approximately what the District Court's rescission order would have. It certainly made it impossible to achieve the relief the District Court's judgment contemplated, for under the judgment the defendant was to regain title to the real estate and thereby have the benefit of any later sales proceeds. Thus, once the real estate was sold to a third party, the District Court's judgment of rescission could no longer be enforced according to its terms.

The plaintiffs apparently concede that the defendant has no further obligation to pay the plaintiffs their purchase and clearing costs. (They received the equivalent of those and more in electing to continue the original transaction and sell the property.) They do, however, maintain the right to pursue the $6,000 attorney fees award. That award and fees continuing to accrue have been the only engine driving this con-

troversy over the substance of the UTPA through both the Superior Court and this Court. But when the defendant moved for relief from judgment in the District Court because of the plaintiffs' sale of the real estate, the plaintiffs had no business in resisting that motion. They no longer intended to enforce the restitution and rescission since they had concluded that taking the benefit of their bargain was preferable. The profit they made on their sale recouped their purchase price and clearing costs and the excess approximated their then-accrued interest and attorney fees as well. Conversely, the sale prevented the defendant from obtaining the benefit of recovering the real estate (apparently worth $17,000) as contemplated by the court's order of rescission. Having elected to forego the restitution and rescission remedy they sought and having deprived the defendant of the *quid pro quo* he would have received under the District Court's judgment, the plaintiffs cannot insist on maintaining the rest of the judgment. It was obvious error under these circumstances for the District Court to deny the defendant's motion for relief under M.R.Civ.P. 60(b).[1]

The entry is:

The Superior Court's judgment vacating the District Court's judgment is affirmed; remanded to the District Court to enter judgment for the defendant.

All concurring.

---

1. In fairness to the District Court, we observe that the defendant's motion was confusingly presented as based upon newly discovered evidence.