STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-043
SKS - KEN - 10/13/2000

RANDY T. NEWCOMBE,

       Plaintiff

    v.

EUGENE L. MOOERS, III,
d/b/a E.L. MOOERS USED CARS,

       Defendant

JUDGMENT

This matter was tried to the court without a jury on the plaintiff's six-count complaint. The plaintiff appeared with counsel; the defendant appeared pro se. The court has fully considered all of the evidence and the legal arguments of the parties. The court makes certain findings as set forth below.

## Background

On May 13, 1998, plaintiff Randy Newcombe purchased a 1987 Dodge Caravan from defendant Eugene Mooers, a licensed used car dealer. The total price of the Caravan was $995, minus $100 for plaintiff's trade-in. Newcombe did not have the $895 balance in cash, so he borrowed it from Mooers. The loan was to be secured by the Caravan as collateral and was to be repaid in 17 weekly payments of $50 plus an 18th payment of $45, totaling $895. Apparently, Mooers did not require Newcombe to pay interest on the loan. The loan document was a form drafted by Mooers.

From May 13 to August 8, 1998, Newcombe made eleven $50 payments. One check was dishonored but subsequently made good and Newcombe paid a late fee

1

for this problem. On another occasion, Newcombe obtained Mooers' agreement to skip one weekly installment, making two payments the following week. By accepting the payments, Mooers waived any default. Otherwise, there were no problems until August 7-8, and Newcombe was current in all his payments. For the August 7, 1998 payment, Newcombe executed a $50.00 check or share draft on the Riverview Credit Union in Gardiner. The check was delivered to Mooers by Newcombe's brother-in-law. On August 8, Mooers took the check to the credit union, where he was informed by a teller that there were sufficient funds in the plaintiff's account to honor the check. However, since the check was written to a business, the credit union required an additional step of issuing a credit union check to Mooers which would then be cashed. Mooers became irate when he was informed of this procedure and demanded the check back despite being informed that the check was good. Mooers could have obtained his $50 if he had simply endorsed the check.

On the evening of August 8, 1998, without any warning to Newcombe, Mooers and his friend and sometimes employee Robert Rausch repossessed the van. Mooers' reason for the repossession, stated to the Gardiner Police Department on August 8 and later to Mrs. Newcombe, was that Newcombe had bounced a check or that the check had not cleared. This was apparently based upon the incident at the credit union earlier that day when Mooers objected to the credit union's procedures and left with the check. Although Mooers later claimed that the repossession was

2

due to a failure of Newcombe to have Mooers listed as a lienholder on the insurance coverage, the court is not persuaded.

After the repossession, Mrs. Newcombe went to Mooers' business to recover personal property which had been in the Caravan. Mooers turned over some but not all of the property. The property which was not recovered by Newcombe, which included a radio which Newcombe installed in the Caravan and which would have been considered a part of the vehicle if the repossession had been valid, totaled $320 in value.

## Discussion

The plaintiff has brought a six-count complaint seeking recovery under the Uniform Commercial Credit Code (counts I and VI), the Uniform Consumer Code (counts III and IV), and under the Unfair Trade Practices Act (count V). The remaining count is for the unreturned personal property which had been in the Caravan (count II). With regard to counts I and VI -- the UCCC counts -- the plaintiff would have to prove that Mooers was a "creditor" under the Act in order to make the statute applicable. In order to be a creditor, the plaintiff must prove that Mooers regularly extended credit in consumer credit transactions, which the statute defines as more than 25 times in the preceding calendar year. 9 M.R.S.A. § 1-301(17). Although there is testimony from Mr. Rausch concerning his repossession activities for Mooers causes a suspicion that Mooers does regularly extend such credit, the evidence is insufficient to make this a finding. Therefore, the court finds that the

UCCC does not apply and judgment will be entered for the defendant on counts I and VI of the complaint.

Although the UCCC does not apply to the transaction, the UCC does. Under the UCC, a seller has a duty of good faith to a purchaser (11 M.R.S.A. § 1-203), which Mooers breached in this case when he "repossessed" the Caravan with no legal basis for doing so. Newcombe had made or appropriately tendered all of his payments which were due as of August 8, 1998, and Newcombe was not in breach of the contract in this regard. The insurance coverage issue was an afterthought and of questionable validity since the Caravan was fully covered at all times and the absence of Mooers' name as lienholder was a clerical error which the insurance agent offered to easily correct.

Under the UCC, a secured party who has taken possession of collateral has a responsibility of providing the debtor with a notice of sale prior to any disposition of the collateral in this manner and an accounting for any surplus after the sale is complete. 11 M.R.S.A. § 9-504(2) & (3). Mooers did not provide either the notice or the accounting. Any arguments that provisions of the contract supersede these portions of the UCC are not persuasive since the contract provisions are unconscionable. The plaintiff is entitled to judgment on counts III and IV.

Mooers' contract language and repossession without legal basis or notice also are unfair and deceptive practices under the Maine Unfair Trade Practices Act. 5 M.R.S.A. § 205-A et seq. As such, Newcombe is entitled to restitution and such other equitable relief as the court finds necessary and proper. 5 M.R.S.A. § 213(1).

4

For the same reasons, the improper repossession also constituted an illegal seizure of the personal property in the Caravan. Therefore, the plaintiff is entitled to judgment on counts II and V.

### Measure of Relief

Newcombe testified to his opinion that the Caravan was worth $2,000 to $2,500 based on the purchase price, the work he had put into the vehicle, and asking prices he had seen in the papers. The court finds this to be an inflated figure. The best evidence of the van's fair market value is its selling price between arm's lengths parties. In this case, there was evidence that the van sold twice for $995. However, the court concludes that the proper measure of damages or restitution under either the UCC or the Unfair Trade Practices Act is the amount which Newcombe is actually out-of-pocket rather than the value of the vehicle. The court finds the damages to be the payment Newcombe made to Mooers ($600) plus improvements he made to the vehicle ($125) plus the value of the personal property which was not returned including the radio ($320). Therefore, the total judgment will be for $1,045.

In addition, Newcombe is entitled to his reasonable attorney's fees and costs incurred in this action which are attributable to the UTP action (5 M.R.S.A. § 213(2); *Larrabee v. Mooers*, 561 A.2d 1008 (1989)). Although other claims were made under different legal theories, the court finds that all of Newcombe's attorney's efforts would be necessary to the Unfair Trade Practices claim and can not be separated. Those attorney's fees total $4,446.95.

5

For the reasons stated above, the entry will be:

(1)    Judgment for the defendant on counts I and VI.

(2)    Judgment for plaintiff on counts II, III, IV and V. The clerk will enter judgment for the plaintiff in the amount of $1,045 plus interest and his reasonable attorney's fees of $4,446.95.

Dated: October 13, 2000

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___3/3/99___ ___Kennebec___ Docket No. ___CV99-43___
County

Action ___Contract___

.. ...SHT
.. ...RY

..V 14 20..

J. STUDSTRUP

Randy T. Newcombe                               vs. Eugene L. Mooers, III, d/b/a E.L. Mooers
Plaintiff's Attorney                                Defendant's Attorney          Used Cars

Joseph M. O'Donnell, Esq.                          Eugene L Mooers 549-3302
P.O. Box 785                                       495 Hunts Meadow Rd
Augusta, Maine 04332                               Whitefield  Me  04353

| Date of Entry | |
|---|---|
| 3/3/99 | Complaint, filed. s/O'Donnell, Esq. (attached exhibits A-F)<br>Pretrial Scheduling Statement and Jury Demand mailed to atty.<br>Original Summons with return service made upon Eugene L. Mooers, III, on 2/24/99 |
| 3/11/99 | Defendants answer to complaint filed.  s/Mooers |
| 3/12/99 | Copy of the pretrial scheduling statement filed.  s/O'Donnell,Esq. |
| 3/15/99 | Pretrial Scheduling Statement, filed. s/O'Donnell, Esq. |
| 3/15/99 | EXPEDITED PRETRIAL ORDER, Studstrup, J.<br>Discovery to be closed by 12/19/99.  This case will be placed on the nonjury trial list 30 days after close of discovery.  This Order is incorporated in to the docket by reference at the specific direction of the court.<br>Copies mailed to atty and Dft. |
| 4/9/99 | Notice of discovery service filed.  s/O'Donnell,Esq.<br>Interrogatories propounded by plaintiff to defendant served on Eugene L. Mooers on 4/7/99. |
| 4/20/99 | Defendants interrogatories propounded to plaintiff filed. s/Mooers. |
| 5/12/99 | Defendants answer to plaintiffs interrogatories filed.  s/Mooers,III. |
| 5/24/99 | Notification of Discovery Papers, filed. s/O'Donnell, Esq. (filed 5/21/99)<br>Plaintiff's Answers to Interrogatories served on Eugene L. Mooers, III on 5/19/99 |
| 6/23/99 | Notification of Discovery Papers, filed. s/Mooers, Pro Se<br>Motion to Compel Plaintiff to Answer Interrogatories served on Joseph O'Donnel Esq. on 6/15/99 |
| 7/27/99 | Defendant's Request for Production of Documents, filed. s/Mooers, Pro Se |
| 7/29/99 | Notice of discovery service filed.  s/Mooers,Pro Se<br>Motion to compel plaintiff to answer interrogatories served on Joseph O'Donnell Esq. on 6/15/99. |